The Honorable Becky Hutchins State Representative, 50th District State Capitol, Room 427-S Topeka, Kansas 66612
Dear Representative Hutchins:
As Representative for the Fiftieth District, you have requested our opinion regarding who can be considered a "guest" for purposes of the Club and Drinking Establishment Act (Act). The primary issue you raise is whether, pursuant to K.S.A. 1997 Supp. 41-2641(d)(1), a guest is required to stay overnight in the hotel to be considered as `registered' or if it is possible for a guest to be deemed `registered' if they sign in to enter the premises. K.S.A. 41-2641(d)(1) provides:
 "(d) Notwithstanding the membership fee and waiting period requirement of subsection (c):
 "(1) Any Class B club located on the premises of a hotel or RV resort may establish rules whereby a guest, who registered at the hotel or RV resort and who is not a resident of the county in which the club is located, may file application for temporary membership in such club. The membership, if granted, shall be valid only for the period of time that the guest is a bona fide registered guest at the hotel or RV resort and such temporary membership shall not be subject to the waiting period or fee requirement of this section."
The Act (K.S.A. 41-2601 et seq.), regulations adopted thereunder, and Kansas case law do not define the word "register." While the term has been legally defined for a multitude of purposes, we have been unable to locate any definition within a context similar to its use in K.S.A. 1997 Supp. 41-2641(d)(1).
When interpreting a statute's language, words in common usage are to be given their natural and ordinary meaning. In Interest of J.D.D.,21 Kan. App. 2d 871, 872 (1995). Generally, "registered" means "entered or recorded in some official register or record or list." Black's Law Dictionary 1283 (6th ed. 1990). However, use of this definition is essentially meaningless for the purposes of your question unless the context in which it is used is clarified as well. K.S.A. 1997 Supp. 41-2641(d)(1) allows for an exception to the 10-day waiting period required for membership in a class B club when the individual is a "bona fide registered guest" of a hotel having a class B club license. The term "hotel" is defined for purposes of the Club and Drinking Establishment Act, as "every building or other structure which is used or held out to the public as a place where sleeping accommodations are offered for pay primarily to transient guests and in which four or more rooms are used for the accommodation of such guests, regardless of whether such building is designated as a cabin camp, tourist cabin, motel or other type of lodging unit." K.S.A. 1997 Supp. 41-2601(l); K.S.A.36-501(a). Additionally, Kansas case law indicates that for an individual to be a "guest" at a hotel, within the meaning of rules pertaining to the relationship of innkeeper and guest, he must be a transient person who resorts to and is received in a hotel for the purpose of obtaining the accommodations it purports to afford. Balin v.Lysle Rishel Post No. 68, Am. Legion, Hutchinson, 177 Kan. 520, 526
(1955). Finally, "bona fide" has been legally defined to mean "in good faith, without fraud or deceit." Barron's Law Dictionary 51 (3rd ed. 1991). Thus, a "bona fide registered guest" within the parameters of K.S.A. 1997 Supp. 41-2641 is one who has officially recorded his status in good faith as an individual who intends to use a hotel's sleeping accommodations. The statutory language further supports this interpretation in that it indicates that the option of a temporary membership may only be made available to a guest who is not a resident of the county in which the club is located. K.S.A. 1997 Supp. 41-2641(d)(1).
It is important to note that the fundamental rules of statutory construction dictate that the intent of the Legislature, where it can be ascertained, governs statutory construction, and that the Legislature is presumed to have expressed its intent through the language of the statutory scheme ultimately enacted. Brown v. Board of Educ., U.S.D.No. 333, Cloud Co., 261 Kan. 134, 142 (1996). However, where the face of the statute leaves its construction uncertain, one may properly look to historical background of the enactment, circumstances attending its passage, purposes to be accomplished, and the effect the statute may have under various suggested constructions. Kansas Pub. Employees RetirementSys. v. Reimer Koger Assoc., Inc., 261 Kan. 17, 26 (1996).
The express purpose of the Private Club Act, of which K.S.A. 41-2601
was initially a part, was to define and regulate places where alcoholic liquor could be lawfully consumed in this state. Tri-State Hotel Co. v.Londerholm, 195 Kan. 748, 761 (1965). In accordance with the Twenty-First Amendment to the Constitution of the United States, the Legislature may legitimately authorize or prohibit the consumption of liquor under such conditions it deems essential. Id. Therefore, the Legislature enacted a statutory scheme whereby bona fide class A clubs would be permitted to offer for sale, sell, and serve alcoholic liquor for consumption on the premises to members and their families and guests accompanying them. K.S.A. 1997 Supp. 41-2637(a). A class B club is also permitted to offer for sale, sell, and serve alcoholic liquor for consumption on the licensed premises to members of such club and guests accompanying them. However, before becoming a member of a class B club, an applicant must be screened, pay an annual fee and undergo a 10-day waiting period prior to receiving a membership. Under K.S.A. 1997 Supp.41-2641(d)(1), these requirements are only waived in the event an applicant is a bona fide registered guest of a hotel or RV resort. Thus, while the Legislature was empowered to prohibit the consumption of alcoholic liquor, it chose to permit the consumption of alcoholic liquor in class A and B clubs under very limited circumstances and upon such conditions for each as it saw fit to impose.
The Kansas Liquor Control Act and the Club and Drinking Establishment Act, represent a serious effort on the part of the Legislature to deal justly with a subject of great public concern. To allow an individual to be granted the status of a "bona fide registered guest" merely by registering upon entrance to the premises, would essentially enable class B clubs to operate in much the same way as a drinking establishment, thereby frustrating the intent of the statute and rendering it meaningless. The Club and Drinking Establishment Act was established to prevent the type of subterfuge and deception that would result in the absence of such statutory regulations.
In conclusion, it is our opinion that the words "bona fide registered guest," when given their plain, ordinary meaning and viewed in light of the underlying purpose of the statute, require that individual must intend to stay overnight.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm